```
              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF VIRGINIA
                CHARLOTTESVILLE DIVISION
```

UNITED STATES OF AMERICA

v.                                    Case No. 3:07CR00001

KEVIN ALFRED STROM

## FIRST MOTION FOR DISCOVERY

Comes now the defendant, Kevin Alfred Strom, and moves the court pursuant to Federal Rule of Criminal Procedure 16 to order the government to produce promptly the following materials for discovery and inspection.

**PROCEDURE**

On January 3, 2007, Strom was indicted on one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2), and witness tampering in violation of 18 U.S.C. § 1512(c)(2).  His case is set for a jury trial on March 15, 2007.

**ARGUMENT**

Rule 16, as it is relevant to this motion, requires the government to produce the following materials to the defendant:

- written or recorded statements of the defendant in the government's control
- documents and objects, including visual images, that the government intends to use in its case in chief
- documents and objects, including visual images, material to the preparation of the defense

- documents and objects, including visual images, obtained from or belonging to the defendant and
- disclosure of expert witness testimony

The object of this motion is to require the government to provide to the defense copies of the hard drives of the computers that were seized from the defendant, and the disclosure of any expert witness testimony that the government intends to use at trial.

1. **The Adam Walsh Act**

The Adam Walsh Child Protection and Safety Act, 18 U.S.C. § 3509(m), requires that any "child pornography" (as defined by 18 U.S.C. § 2256) must "remain in the care, custody and control of either the Government or the court," and commands the court to "deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography, so long as the Government makes the property or material reasonably available to the defendant."

In the Eastern District of Virginia, Judge Payne recently rejected a constitutional challenge to the validity of this statute. However, he did grant a defendant's request for a copy of a computer hard drive containing alleged child pornography after finding that the limited access to the computer allowed by the government did not provide "ample opportunity" for inspection and opportunity. *United States v. Knellinger,* ___ F.Supp.2d ___, 2007 WL 219984 (E.D.Va. 2007). The court's remedy was to order

that a copy of the hard drive be provided to the defense, subject to a protective order, thereby keeping it under the control of the court.

**2.   The Need for the Materials**

There are four categories of materials on the defendant's computer hard drives sought at this time, only one of which contains images of alleged child pornography. All of the requested materials are relevant to the preparation of the defense.

**(a)   The Alleged Child Pornography**

In Count One of the indictment the government identified four (4) images found on the defendant's computers that are alleged to meet the statutory definition of child pornography. The indictment also refers to other "multiple images of child pornography" without attempting to identify them.

On February 12, 2007, counsel was permitted to view the four indicted images, along with various other images found on the defendant's computer, at FBI offices in Charlottesville. Although counsel does not profess expertise in this area, counsel would not concede that any of the four images meet the statutory definition of child pornography. The government has indicated that it has retained a medical expert to give opinions as to the ages of the women who are visually depicted, and since the issue of whether the women are minors may boil down to a battle of the experts, the defense would need access to the images.

What neither *Knellinger* nor the Adam Walsh Act deal with are the threshold issues of who determines whether materials in fact constitute child pornography so as to fall under prohibition of discovery, and what is the appropriate standard to employ to make such a determination? The government cannot simply be given *carte blanch* to designate what it says is or is not child pornography for the purpose of keeping it out of the hands of the defense.

The government has indicated that it believes that it has discovered visual images other than the four specified in the indictment that can be used to prosecute Strom for possession of child pornography. The government should be ordered to identify all alleged images of child pornography that it intends to use in its case in chief. If the government refuses to provide copies of those images to the defense under an appropriate protective order, the defendant requests that the court review the images *in camera* to determine whether they are subject to restriction. If the court determines that they are subject to restriction, it is requested that the court order the government to provide them to the defense under a protective order.

Aside from the issue of whether the women depicted in the images are minors, there are several other issues that the defense intends to explore relating to the origin of the images, when and how they were acquired, whether they were viewed, and where they were found on the hard drives. These are matters for

experts, and mirror copies of the hard drives are required for adequate examination.

**(b)   Images Not Deemed Child Pornography**

There are thousands of visual images on the computer hard drives seized from the defendant that are not child pornography by any stretch of the imagination.  There is no reason that copies of these should not be provided to the defendant.  Counsel was shown only a fraction of the images on the hard drives, but from what was observed it is clear that only a very small percentage contained sexually explicit images or even sexually oriented images.

The government has indicated that it may attempt to introduce images found on the hard drives that are admittedly not child pornography to prove intent, propensity, or some other matter. Experts in the diagnosis and treatment of offenders recommend that defense counsel review and inventory all images found on a defendant's computer to explore such issues as the defendant's level of obsession, areas of particular interest, and so on.  These materials are exculpatory and mitigating and should be provided to counsel.

**(c)   Materials Relating to Elisha Strom**

Strom's wife, Elisha Strom, is the victim of the alleged witness tampering.  They had a contention marriage over the past few years, highlighted by an incident in October 2005 when Elisha hit Strom on the head with a telephone sending him to the

hospital and by his leaving the marital home in July, 2006. It was Elisha who contacted authorities and accused Strom of possessing child pornography.

Until recently Elisha had an internet website on which she purportedly published disparaging remarks and information about Strom. The website has been taken down, but it is believed that much of it is archived on the computers seized from Strom. The archives of the website contain materials that may be exculpatory and material to the defense.

**(d)  Statements of the Defendant**

There are a number of audio recordings involving the defendant that are on the hard drives. There are also documents prepared by the defendant that are on the hard drives. These materials should be provided to the defense.

**3.  Disclosure of Experts**

It is an element of 18 U.S.C. 2252A(5)(B) and 2252A(b)(2) that the person depicted in the visual image is a minor, that is under the age of 18. It is also an affirmative defense that the person depicted in the visual image is an adult. 18 U.S.C. § 2252A(c).

The government has indicated that it has had the four images identified in the indictment reviewed by a medical expert. The defendant requests the court to order that the government promptly provide disclosure of its expert witnesses in accordance with F.R.Cr.P. 16 (a)(1)(G) so that the defendant may have his

experts review and evaluate the opinions of the government's experts.

**CONCLUSION**

The court should order the government to promptly identify which visual images it intends to use at trial in its case in chief. Images that the government contends meet the definition of child pornography should be reviewed by the court, and if the court determines that they should remain under the control of the court, copies should be provided to the defense subject to a protective order. Everything else on the computer hard drive should be provided to the defense without delay. The court should also order the government to make prompt disclosure of its expert witnesses.

                                          Respectfully submitted,
                                          KEVIN ALFRED STROM
                                          By Counsel

Counsel:

S/Andrea L. Harris
Andrea L. Harris
Asst. Federal Public Defender
401 East Market Street, Suite 106
Charlottesville, VA 22902
(434) 220-3387
VSB 37764
Andrea_Harris@fd.org

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 22, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: counsel of record; and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none.

                                          S/Andrea S. Harris
                                          Andrea S. Harris
                                          Asst. Federal Public Defender
                                          VSB
                                          401 E. Market Street, Ste. 106
                                          Charlottesville, VA 22902
                                          Tel (434) 220-3387
                                          Andrea_Harris@fd.org