UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                  Case No. 3:07CR00001

KEVIN ALFRED STROM

## MOTION FOR SEPARATE TRIAL
## FOR COUNT ONE OF SUPERSEDING INDICTMENT

Comes now the defendant, Kevin Alfred Strom, and moves the court pursuant to Federal Rules of Criminal Procedure 8 and 14 to order a separate trial on Count One of the Superseding Indictment.

### PROCEDURE

On January 3, 2007, Strom was indicted on one count of possession of child pornography, 18 U.S.C. 2252A(a)(5)(B) and 2252A(b)(2), and one count of witness tampering, 18 U.S.C. 1512(c)(2).  Strom was arraigned and a jury trial was set for June 20, 2007.

On April 4, 2007, the government obtained a superseding indictment which contained the original two counts, but added four counts of receipt of child pornography, 18 U.S.C. 2252A(a)(2) and 2252A(b)(1), and one count of enticement of a minor, 18 U.S.C. 2422(b).

### ARGUMENT

1.   JOINDER OF COUNT ONE WITH THE OTHER SIX COUNTS IS

IMPROPER BECAUSE COUNT ONE IS NOT SUFFICIENTLY RELATED TO THE OTHER COUNTS.

A defendant *may* be charged in separate counts of an indictment with two or more offenses if the offenses charged "are of the same or similar character, or are based on the same act of transaction, or are connected with or constitute parts of a common scheme or plan." Fed.R.Cr.P. 8(a). While broad, this rule "cannot be stretched to cover offenses. . .which are discrete and dissimilar and which do not constitute parts of a common scheme or plan." *United States v. Mackins*, 315 F.3d 399, 413 (4th Cir. 2003) (citations omitted)(error to join unrelated counterfeit check conspiracy charge with drug and money laundering charges). If the court finds that joinder is proper, the court may still grant severance pursuant to Fed.R.Cr.P. 14 to avoid prejudice.

Count One charges that Strom used some instrumentality of interstate commerce to entice, or attempt to entice, a 10-year-old female child to engage in sexual activity that would be a criminal offense under Virginia law, to-wit, Va. Code § 18.2-67.3, aggravated sexual battery. This statute provides that an accused "shall be guilty of aggravated sexual battery if he or she sexually abuses the complaining witness and the complaining witness is less than 13 years of age." This is a felony offense punishable by a prison sentence of 1-20 years and a fine of up to

$100,000.  "Sexual abuse" is defined as an act committed with the intent to sexually molest, arouse, or gratify any person, where:

> a. The accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts;
>
> b. The accused forces the complaining witness to touch the accused's, the witness's own, or another person's intimate parts or material directly covering such intimate parts;
>
> c. If the complaining witness is under the age of 13, the accused causes or assists the complaining witness to touch the accused's, the witness's own, or another person's intimate parts or material directly covering such intimate parts; or
>
> d. The accused forces another person to touch the complaining witness's intimate parts or material directly covering such intimate parts.

Va. Code § 18.2-67.2.

From the information provided by the government at this point, and from the defendant's own investigation, there is absolutely no evidence to suggest that Strom actually touched the 10-year girl or that she ever touched him.  He is essentially charged with attempting to make an attempt to commit sexual battery

It is unclear whether the government is going to argue in favor of joinder because the attempted enticement is an offense that is the same or similar to the possession and receipt of child pornography or that it is part of a common plan or scheme to possess and receive child pornography.  The fact is that it is neither.

The government alleges that Strom received (Counts Two-Five) and possessed (Count Six) child pornography.  The government also alleges that Strom obstructed justice by threatening his wife, Elisha Strom, against reporting him to authorities (Count Seven).  None of these alleged offenses have any legal or evidentiary relationship to the enticement charge in Count One.

There is no allegation, and no evidence, that any of the purported child pornography contained any images of the 10-year-old, or that Strom communicated or attempted to communicate any images of purported child pornography to her.  The enticement charge simply has nothing to do with the other charges in the indictment.

The Fourth Circuit has established a helpful rule to use in assessing joinder, which is whether "it is manifest that evidence of one offense would ordinarily be admissible at a separate trial for the other."  *United States v. Foutz*, 540 F.2d 733, 737 (4th Cir. 1976) (reversible error to join two counts of bank robbery of same bank within eight-month period).  In determining admissibility, the first step would be to see if the evidence is relevant, which means that it helps prove some fact that is material to the proceeding.  F.R.E. 401.  The defendant is at a loss to see how the evidence used to attempt to prove the child pornography charges would be relevant to the enticement charge, and vice versa.  There is no commonality of legal elements,

witnesses, or evidence shared by Count One with the other counts of the indictment. The only thing they have in common is the defendant. Count One is misjoined with the other counts.

2. JOINDER OF COUNT ONE WITH THE OTHER COUNTS IS PREJUDICIAL TO THE SUBSTANTIAL RIGHTS OF STROM.

If a court rules that joinder of offenses is proper, it may nevertheless order separate trials of offenses if joinder would prejudice a defendant. Fed.R.Cr.P. 14. Prejudice has been explained to mean "substantial and injurious effect or influence in determining the jury's verdict." *United States v. Lane*, 474 U.S. 438, 449 n. 12 (1986).

In order to convict on any of these counts, a jury would have to draw inferences. The danger of prejudice from a joint trial of all charges is that the jury may confuse and cumulate the evidence, or conclude that guilt of one crime proves criminal disposition that justifies finding guilt of another crime. *United States v. Foutz*, 540 F.2d at 736. See, *Michelson v. United States,* 335 U.S. 469, 475-76 (1948) (propensity evidence might "overpersuade" a jury and cause them to "prejudge one with a bad general record").

The danger of prejudice is particularly strong in this case because of the unsavory nature of the charges. Apparently, the government hopes to obtain a conviction on the enticement charge by initially inflaming the jury with the purported child

5

pornography and urging it to reach the unsupported conclusion that possession of those images by Strom is evidence that he is a child predator.

In *United States v. Ham,* 998 F.2d 1247 (4th Cir. 1993), the Fourth Circuit vacated a conviction because the district court erred in admitting a tape recording in which the defendant "compared women to dogs and advocated mild physical discipline of wives by their husbands..." *United States v. Ham*, 998 F.2d 1247, 1256 (4th Cir. 1993).  The court stated:

> We accept without need of extensive argument that implications of child molestation, homosexuality, and abuse of women unfairly prejudice a defendant. Indeed, no evidence could be more inflammatory or more prejudicial than allegations of child molestation. When evidence of a defendant's involvement in several of these activities is presented to the jury, the risk of unfair prejudice is compounded. In such a case, we fear that jurors will convict a defendant based on the jurors' disdain or their belief that the defendant's prior bad acts make guilt more likely.

998 F.2d at 1256.

If anything could be more inflammatory or prejudicial than allegations of child molestation, it would have to be allegations of *predatory* child molestation, which is what the government is alleging against Strom.  By joining the child pornography charges with the enticement charge, the government has created a symbiotically prejudicial relationship among them.  The possession of the child pornography will be offered as proffer of predatory intent to sexually abuse the child, and any evidence of

6

contact between Strom and the child will be offered as interest in child pornography.  The allegations themselves create a causal connection where none actually exists.  A joint trial will necessarily have "substantial and injurious effect or influence in determining the jury's verdict."

## CONCLUSION

    The joinder of Count One with the other counts of the indictment is improper because Count One is not sufficiently related to the conduct alleged in the other counts.  The conduct in Count One is not similar to the conduct alleged in the other counts and is not part of a common scheme or plan.  It is not probative of anything other than criminal disposition.  Trying all counts together will serve no other purpose than to cause prejudice to the defendant and increase the likelihood of conviction.  Count One should be severed for a separate trial.

                                      Respectfully submitted,

                                      KEVIN ALFRED STROM

                                      By Counsel

Counsel:

<u>S/Andrea L. Harris</u>
Andrea L. Harris
Asst. Federal Public Defender
401 E. Market St., Ste. 106
Charlottesville, VA 22902
Tel. (434) 220-3387
Fax (434) 220-3390
Counsel for Defendant

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  counsel of record.

                                          S/Andrea L. Harris
                                          Andrea L. Harris
                                          Asst. Federal Public Defender
                                          VSB 37764
                                          401 E. Market Street, Ste. 106
                                          Charlottesville, VA 22902
                                          Tel (434) 220-3387
                                          Andrea_Harris@fd.org