```
          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF VIRGINIA
             CHARLOTTESVILLE DIVISION
```

UNITED STATES OF AMERICA

v.                                  Case No. 3:07CR00001

KEVIN ALFRED STROM

### SECOND MOTION FOR DISCOVERY

Comes now the defendant, Kevin Alfred Strom, and moves the court pursuant to Federal Rule of Criminal Procedure 16 to order the government to produce promptly the following materials for discovery and inspection.

**PROCEDURE**

On January 3, 2007, Strom was indicted on one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2), and witness tampering in violation of 18 U.S.C. § 1512(c)(2).  On April 4, 2007 a superceding indictment was issued charging four additional counts of receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1) and coercion and enticement in violation of 18 U.S.C. § 2422(b).  His case is set for a jury trial on June 20, 2007.

On February 22, 2007, Strom filed his first motion of discovery requesting a copy of the mirror image of the hard drive. The government has taken the position that it cannot provide such copy of the hard drive pursuant to the provisions of the Adam Walsh Act.  The government did indicate, however, that

it would provide copies of the forensic reports.  However, such reports have not been received.

During the course of the investigation, several computers were seized by the government, including but not limited to, the following:

(1) a computer containing a 40 GB hard drive and two 160 GB harddrives, which was provided to law enforcement by Elisha Strom some time in August, 2006;

(2) two laptop computers, seized pursuant to a search warrant executed on or about September 29, 2006;

(3) two computer hard drives, seized by law enforcement pursuant to a search of the home of Elisha Strom;

(4) a Western Digital hard drive provided to law enforcement by Elisha Strom on March 21, 2007.

Some of this computer evidence is currently stored at a government facility in Richmond, Virginia, and some of it is currently stored at a government facility in Quantico, Virginia.  Forensic evaluations have been done at these locations of all, or almost all, of the seized computers.  Once a forensic evaluation is completed, a forensic report is generated.  It is the defendant's understanding that the 40 GB hard drive contains the images of alleged child pornography.  There may be one other computer or hard drive that contains alleged images of child pornography; although it is unknown to defendant which one of the other computers or hard drives contains these alleged images.

**ARGUMENT**

    Under Federal Rule of Criminal Procedure 16(a)(1)(E), the government must allow the defendant to inspect and to copy data, photographs and tangible objects in the government's possession when the items are material to preparing his defense, are intended for use in the government's case-in-chief at trial, or were obtained from or belong to the defendant.  All of the computers are alleged by the government to have been obtained from or belong to the defendant.  The object of this motion is to require the government to provide to the defense copies of the forensic reports of the forensic analyses done of all the computers seized.  The forensic reports of the 40 GB hard drive and any other hard drive containing alleged child pornography can be printed without the suspect images.

    It is the further object of this motion to require the government to send a forensic image of the 40GB hard drive and any other hard drive containing alleged child pornography to a government facility in the Northern Virginia area, preferably Quantico, to allow a defense expert to evaluate these hard drives.

    Counsel has consulted with Sharon Nelson, President of Sensei Enterprises in Fairfax, Virginia.  Sensei has two highly qualified forensics examiners who will evaluate the hard drives to address such questions as (1) when and if the images of alleged child pornography were stored on the computer, (2) who

had access to the computer, (3) whether and when the hard drive was altered, (4) what and when the computer had access to the internet, and (5) whether the images traveled in interstate commerce.  According to Ms. Nelson, such evaluation will likely take at least two days to complete.  In order to conduct its evaluation, Sensei Enterprises simply needs access to a forensic image of the hard drive, needs to know the format of the forensic image, and needs a copy of the complete forensic report (excluding the images of alleged child pornography).

   The Adam Walsh Child Protection and Safety Act, 18 U.S.C. § 3509(m), requires that any "child pornography" (as defined by 18 U.S.C. § 2256) must "remain in the care, custody and control of either the Government or the court," and commands the court to "deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography, so long as the Government makes the property or material reasonably available to the defendant."  In this case, the defense expert is willing to travel to a government facility to conduct its evaluation in an effort to comply with the provisions of the Adam Walsh Act.  However, Sensei Enterprises is located in Fairfax, Virginia, and coming to Richmond for two days to conduct such evaluation would be unnecessarily burdensome and expensive.  The government facility at Quantico is within a reasonable travel distance of the Sensei Enterprises offices.  Since some of the

evidence in this case is already at the government facility in Quantico, the defendant is requesting that the court order that a forensic image of the 40 GB hard drive and any other hard drive containing alleged child pornography be sent to the Quantico facility.

**CONCLUSION**

   The court should order the government to promptly provide copies of the forensic reports of the forensic evaluations of all of the seized computers.  Any forensic reports containing alleged child pornography can be printed without such images.

   Further, the court should order the government to promptly send a forensic image, identifying which format was used to create such image, to the government facility in Quantico and make such image available to defense experts for evaluation.

                              Respectfully submitted,
                              KEVIN ALFRED STROM
                              By Counsel


Counsel:

S/Andrea L. Harris
Andrea L. Harris
Asst. Federal Public Defender
401 East Market Street, Suite 106
Charlottesville, VA 22902
(434) 220-3387
VSB 37764
Andrea_Harris@fd.org

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 17, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: counsel of record; and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none.

                                            S/Andrea S. Harris  
                                            Andrea S. Harris  
                                            Asst. Federal Public Defender  
                                            VSB 37764  
                                            401 E. Market Street, Ste. 106  
                                            Charlottesville, VA 22902  
                                            Tel (434) 220-3387  
                                            Andrea_Harris@fd.org