UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                      Case No. 3:07CR00001

KEVIN ALFRED STROM

## DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO SEVER

Comes now the defendant, Kevin Alfred Strom, and replies to the government's response to his motion to sever Count I from the Superseding Indictment for a separate trial.

### FACTS

The government has made a number of mistakes or misrepresentations about the expected evidence in this case. Counsel will attempt to point out a few of these errors, though due to counsel's time limitations[1], this list should not be considered exhaustive.

The government stated that the defendant has no biological, legal or familial relationship with A.A. However, A.A. was a classmate and friend of an immediate family member of the defendant, hereinafter B.B. As such, the two children attended the same school and engaged in numerous play dates together. The government speculates that the defendant downloaded A.A.'s new

---

[1] Counsel did not receive a copy of the government's response until Thursday afternoon, May 24, 2007, and wanted to respond quickly before the holiday weekend.

1

school schedule onto his computer.  However, the government has not provided the defendant with any of the forensic reports related to the evaluation of any of the seized computers in order for the defendant to analyze such things as who had access to the computer and when and if things were downloaded, and, if so, what they were.

The government states that the defendant sent A.A. gifts.  Three gifts were sent: 1) a CD and sweater at Christmas, 2005 from an anonymous person perhaps identified as Santa Claus; 2) flowers that included six pink posies and six pink roses that had an unsigned note attached; and 3) a DVD movie sent to *the A.A. family,* not directed to A.A. individually, and apparently also from Santa Claus.

The government included excerpts from a "sonnet," suggesting that it was penned for A.A.  However, there is not a shred of evidence that such "sonnet" was ever conveyed in any way, shape, or form to anyone, much less to A.A.  Further, the government states that "the bitch" is identified as Witness A.  There is absolutely no identification of "the bitch" in the "sonnet" as the government asserts.  Identification of "the bitch" as Witness A is pure conjecture on the government's part.  The government conveniently omits lines such as "the chaste and lonely years of waiting, they have just begun."  The government further asserts that over 100 images of A.A. were stored on the defendant's

2

computers.  While the defendant has not seen these 100 or more images, counsel believes that many, and perhaps a majority, of these pictures are pictures of A.A. and B.B, his family member, together.

The government states that on two of the hard drives there are hundreds of images of children, clothed and unclothed, which the government believes are depicted in sexually suggestive positions and that these are the images that are charged in Count Six.  This is not true.  The images that are contained in Count Six are the images from the 40 GB harddrive.  On May 21, 2007, the government showed counsel a number of additional images that were apparently newly discovered on a different 160 GB harddrive.  These images were apparently unknown to the government at the time of indictment, were not previously shown to counsel as the images charged in the superseding indictment, and, accordingly, could not form the basis for the attempt to possess child pornography charge in Count Six.  Further, there is no evidence that the images referenced in the superseding indictment from the 40 GB harddrive depict minors, and other evidence indicates that those images in fact depict adults.

The government asserts that the defendant admitted that he possessed child pornography on his computer when he was arrested on January 4, 2007.  However, the defendant did *not* make a statement upon his arrest.  Further, in an earlier statement, he

stated that there would *not* be child pornography on his computer.

## ARGUMENT

As stated in defendant's motion to sever, Count One charges that Strom used some instrumentality of interstate commerce to entice, or attempt to entice, a 10-year-old female child to engage in sexual activity that would be a criminal offense under Virginia law.[2]  In order to prove the crime of attempt, the government must show that (1) the defendant had the intent to use instrumentalities of interstate commerce to commit the offense of enticement of a minor; (2) the defendant undertook a direct act in a course of conduct planned to culminate in his commission of the crime; (3) the act was substantial, in that it was strongly corroborative of his criminal purpose, and (4) the act fell short of the commission of the intended crime of enticement of a minor due to intervening circumstances.  *U.S. v. Pratt*, 351 F.3d 131 (4th Cir., 2003).

The government has presented no evidence indicating the defendant undertook any substantial step in the commission of the crime of enticement.  The government points to evidence of a purported "pedophilia contract" and purported statements related

---

[2]The count charges that the defendant enticed or attempted to entice.  Since the government has provided no discovery to support enticement as opposed to attempted enticement and has not represented in its reply any facts indicating that the child was actually enticed, the defendant will assume that the government is proceeding under the theory that the defendant "attempted to entice" the child to commit a sexual act.

to pedophilia as proof that the child porn and enticement charges are interconnected and related. However, pedophilia does not equal child molester. This evidence, while arguably relevant in the child porn counts, does nothing to further the government's case that the defendant used instrumentalities of interstate commerce to entice this child into a sexual activity.

The government is attempting to bootstrap a weak evidentiary case (the enticement charge) to an arguably stronger case in the hope that overlapping consideration of all of the evidence will lead to convictions on both. While there is no prejudice in a joint trial where evidence of both crimes is overwhelming, there is prejudice in the opposite case. *U.S. v. Foutz*, 540 F.2d 733, 739 (C.A. 4 (Md.) 1976)(citing *U.S. v. Clayton*, 450 F.2d 16, 19 (C.A. 1 (Mass.), 1971). The facts in this case represent unfair prejudice under Fed.R.Cr.P. 14 and require severance of Count One.

## CONCLUSION

As earlier stated in the motion to sever, trying all counts together will serve no other purpose than to cause prejudice to the defendant and increase the likelihood of conviction. Count One should be severed for a separate trial.

Respectfully submitted,

KEVIN ALFRED STROM
By Counsel

```
Counsel:
S/Andrea L. Harris
Andrea L. Harris
Asst. Federal Public Defender
401 E. Market St., Ste. 106
Charlottesville, VA 22902
Tel. (434) 220-3387
Fax (434) 220-3390
Counsel for Defendant
```

**CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: counsel of record.

```
                               S/Andrea L. Harris
                               Andrea L. Harris
                               Asst. Federal Public Defender
                               VSB 37764
                               401 E. Market St., Ste. 106
                               Charlottesville, VA 22902
                               Tel (434) 220-3387
                               Andrea_Harris@fd.org
```