```
                UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF VIRGINIA
                  CHARLOTTESVILLE DIVISION
```

UNITED STATES OF AMERICA

v.                                    Case No. 3:07CR00024

KEVIN ALFRED STROM,
     Defendant

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE* TO ALLOW PSYCHOTHERAPIST AUDIOTAPES**
**AND**
**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE CONFIDENTIAL MARITAL COMMUNICATIONS**

Comes now defendant KEVIN ALRED STROM, by counsel, in opposition to the government's motion *in limine* to allow into evidence audiotape recordings of joint psychotherapy sessions between the defendant, Witness A, who is his wife, and their therapist, Harvey Yoder.

The defendant further moves this Honorable Court to exclude the use as evidence by the government of certain confidential marital communications, including a written agreement entered into between the defendant and his wife (Attached to government's Motion *In Limine* as Exhibit A) and an audiotaped conversation between the defendant and his wife relating to one of the psychotherapy sessions.

**I.  FACTS**

The defendant and Witness A were married on May 9, 2000. During this marriage, the defendant and Witness A began having marital problems. The couple executed a written agreement and

attended joint marital counseling sessions with Harvey Yoder at the Family Life Resource Center in Harrisonburg, Virginia, on several occasions. On two of these occasions, Witness A secretly recorded the sessions. These recordings were made without the knowledge or consent of either the defendant or Mr. Yoder.1 After one of these sessions, Witness A secretly recorded a private conversation between herself and the defendant.

The written communication that the government intends to introduce at the trial that the parties to the Strom marriage entered, and which they denoted as a contract, was signed by the parties and their signatures were notarized, although the notary public who witnessed the signatures was prevented from reading or reviewing the substance of the contract because of the couple's strong intention of maintaining the contract's confidential and private quality.

Despite the government's repeated assertions in court filings, the defendant did not make any statements to law enforcement officers upon his arrest on January 4, 2007. He was, however, interviewed by law enforcement on October 23, 2006. In that statement he did not tell police officers that he "looked at

---

[1] The government asserts that these secret recordings do not violate 18 U.S.C. § 2511(2)(d) because they were made by a party to the communication; however, if the communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any state, it is not a lawful recording. The government has not suggested that there was a lawful purpose for the interception of the communications.

child pornography" on his computer as the government has asserted.

**II. ARGUMENT**

**A.**
**THE SECRET RECORDING OF A CONVERSATION BETWEEN THE DEFENDANT, HIS WIFE, AND THEIR PSYCHOTHERAPIST IS A PRIVILEGED COMMUNICATION.**

Rule 501 of the Federal Rules of Evidence states that whether a privilege exists is governed by the principles of the common law interpreted in the light of reason and experience. Courts define whether a privilege exists by looking to the common law in the light of reason and experience.  Fed. R. Evid. 501. The United States Supreme Court has held that confidential communications between a psychotherapist and his or her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 because it found that a psychotherapist-patient would serve a "public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996)(quoting *Trammel v.* 445 U.S. 40, 50 (1980)).

The government asserts that this privilege has been waived by the defendant because he agreed to allow James Howard, of Greene County Social Services Department, to talk to Mr. Yoder and because he stated to police that they could talk to Mr. Yoder.  However, the government has not put forth any evidence

that the defendant actually signed any release and, if he did, any evidence as to the scope of the release.  Any such release would have pertained to a confidential investigation being conducted by Mr. Howard.  A release under these circumstances does not indicate a blanket waiver of the psychotherapist privilege.

With regard to the defendant's statements to law enforcment that they *could* talk to Mr. Yoder, there is no evidence that the defendant *did*, in fact, sign a waiver allowing the police to talk to his counselor.  Absent such evidence, a comment by the defendant suggesting that the police can talk to his counselor does not mean that he actually authorized his counselor to talk to the police.

Furthermore, even if the defendant did execute such releases, the releases would not apply to any audio recordings of the sessions since neither the defendant nor the counselor knew that such recordings were being made.  Had the defendant and Mr. Yoder known that Witness A was recording the sessions, a different question would be presented.  However, the psychotherapist-patient privilege is "rooted in the imperative need for confidence and trust." *Trammel v. United States*, 445 U.S. 40, 51 (1980).  To allow one party to the therapy session to secretly record the session and later admit such recordings into evidence would chill the confidential conversations between

psychotherapists and their patients, "particularly when it is obvious that the circumstances that give rise to the need for treatment will probably result in litigation." *Jaffee*, 518 U.S. at 12.

### B.
### THE SECRET RECORDING OF A CONVERSATION BETWEEN THE DEFENDANT AND HIS WIFE AFTER A PSYCHOTHERAPY SESSION AND THE WRITTEN AGREEMENT BETWEEN THE PARTIES TO THE MARRIAGE ARE PRIVLEGED MARITAL COMMUNICATIONS.

Also among the evidentiary privileges provided for in Federal Rule of Evidence 501 is the protection of confidential communications disclosed between a husband and wife. The written communication that the government intends to introduce at trial that the parties to the Strom marriage entered is protected by the common law principles upholding this well-established privilege. *See Blau v. United States,* 340 U.S. 332 (1951) (upholding marital communication privilege earlier recognized in *Wolfle v. United States*, 291 U.S. 7 (1934)).

Communications made between married persons that are intended to be confidential are privileged against disclosure at trial. *Trammel v. United States*, 445 U.S. 50, 51 (1980) (citing and upholding *Blau*, 340 U.S. 332). There is a legal presumption against the admission of any marital confidences. *United States v. Parker,* 834 F.2d 408 (4th Cir. 1987). In other words, once the elements of the marital privilege have been established, the communications are presumed inadmissible. *In re Grand Jury*

*Investigation*, 431 F. Supp. 2d 584, 591 (E.D. Va. 2006) (citing *United States v. Foresman,* 63 Fed.Appx. 138, 140 (4th Cir. 2003). That presumption can only be overcome "by proof of facts showing that they were not intended to be private." *Pereira v. United States,* 347 U.S. 1, 6 (1954) (citing *Blau*).

The elements of the valid privilege are that at the time the communication was made, the parties were lawfully married under the law of the state in which the privilege is asserted, *United States v. Acker,* 52 F.3d 509, 514-15 (4th Cir. 1995), that the subject of the testimony was indeed a communication as opposed to conduct, and that the parties intended the communication to be private. *See United States v. Evans,* 996 F.2d 392, 401 (8th Cir. 1992).

The fact that the communication was a written contract and that the signatures on the contract were notarized does not in any way compromise the propriety of the privilege. Confidences protected by the marital privilege include communications that are written, and can include written communications that are recorded or memorialized with the ministerial aid of a third party, such as a notary. *Wolfle*, 291 U.S. 7, 15 (rejecting claim that use of a stenographer to type letter between husband and wife invalidates the privilege). Although in this case a notary public was present for the contract's execution, the notary was prevented from reviewing the substance of the written document,

and has no independent information obtained from the parties about what it concerned. To the contrary, the parties' preventing the notary from reviewing the document is further evidence that they intended the document to be private. Courts must protect any communications between spouses that, as here, are demonstrably intended to be confidential. *Parker,* 834 F.2d at 411.

The case is even more clear with regard to the recording of the conversation between the defendant and his wife. This was a private conversation between the two parties to the marriage, during the course of a valid marriage. As such, it is subject to the marital privilege and should be excluded.

## **CONCLUSION**

Admission of the tape recordings between Strom and his wife and between Strom, his wife, and their therapist and admission of the agreement signed by the defendant and his wife would violate the privilege protecting marital communications and the psychotherapist-patient privilege and these tapes should be excluded.

                                      Respectfully submitted,

                                      KEVIN ALFRED STROM
                                      By counsel

Counsel:

S/Andrea Lantz Harris
Andrea Lantz Harris

```
Asst. Federal Public Defender
401 E. Market Street, Suite 106
Charlottesville, VA 22902
Tel. (434) 220-3387
Fax (434) 220-3390
VSB 37764
andrea_harris@fd.org
 Counsel for Defendant

Christine M. Spurell
Research and Writing Attorney
Office of the Federal Public Defender
 for the Western District of Virginia
```

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 10, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: counsel of record; and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none.

```
                              S/Andrea L. Harris
                              Andrea L. Harris
                              Asst. Federal Public Defender
                              VSB 37764
                              401 E. Market Street, Ste. 106
                              Charlottesville, VA 22902
                              Tel (434) 220-3380
                              Andrea_Harris@fd.org
```