```
             UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF VIRGINIA
                HARRISONBURG DIVISION
```

UNITED STATES OF AMERICA

v.                                          Case No. 3:07CR00001

KEVIN ALFRED STROM

**MOTION FOR CONTINUANCE**

Comes now the defendant, KEVIN ALFRED STROM, and represents the truth of the following:

1. Kevin Alfred Strom was indicted by the grand jury on January 3, 2007, on charges of possession of child pornography and witness tampering, in violation of 18 U.S.C. §§ 2252A and 1512, respectively.  A superseding indictment was issued on April 4, 2007.  The superseding indictment added a charge of enticement and four receipt of child pornography charges.  A second superseding indictment was issued on June 6, 2007.  Arraignment on the second superseding indictment was held on June 11, 2007.

2.  The second superseding indictment contained the same charges but changed many of the images in each count based on new images that were discovered by the government's computer examiner at the end of May, 2007.

3.  A Motion to Continue was filed on June 13, 2007 based on the issuance of the second superseding indictment.  A jury trial is currently scheduled for October 2-4, 2007.  While this is the third motion to continue in this case, it is only the second motion to continue based on the current indictment.

4.   The relevant computer evidence in this case involves: (1) a computer turned over to law enforcement in August, 2006, which contains three harddrives (160GB Master, 160GB Slave, and 40GB); (2) a Compaq computer turned over to law enforcement; and (3) a laptop computer and a 250 GB external harddrive seized from the defendant during the execution of a search warrant.

5.   The laptop and the external harddrive seized directly from the defendant did not contain any alleged child pornography; and, accordingly, copies of these have been provided to defense counsel.  However, the copies are forensic copies and require the use of a computer forensic expert with specialized computer software to access the data contained on them.

6.   The main computer with three harddrives contains voluminous amounts of information.  Specifically, the 160 GB Master drive contains approximately 29,980 documents, 156,803 graphics, and 4,292 multimedia files.  The 40 GB drive contains approximately 87,598 graphics files, 2,641 multimedia files, 336,437 deleted files, 260,339 documents, and 337,108 carved data files.  The 160 GB slave drive contains 270,230 documents, 119,989 graphics files, 3,293 multimedia files, 125,855 email messages, 441,973 deleted files, and 274,371 carved data files.  This is a sample and not an exhaustive list of all the files on these three drives.

7.   The main computer with the three harddrives and the Compaq computer both contain material that the government alleges

is child pornography.  Both of these computers are located at the Richmond office of the Federal Bureau of Investigation (FBI).

8. The Adam Walsh Child Protection and Safety Act, 18 U.S.C. § 3509(m), requires that any "child pornography" (as defined by 18 U.S.C. § 2256) must "remain in the care, custody and control of either the Government or the court," and commands the court to "deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography, so long as the Government makes the property or material reasonably available to the defendant."

9.  This provision of the Adam Walsh Act has significantly hindered the defendant's ability to review the extensive computer evidence in a timely fashion, although defense and government counsel have tried to work within the parameters of this Act.

10.  A small sample of images, including the charged images, are contained in the Charlottesville office of the FBI.  Counsel has been able to view this selection of images in the Charlottesville office on a number of occasions.  In addition, the government made arrangements for the defendant to view this selection of images with counsel at the FBI office on August 22, 2007.

11.  Counsel has also gone to Richmond to look at the computer evidence on three occasions.  When counsel goes to the Richmond FBI office, it is required that she be escorted by Case

Agent Detective Brian O'Donnell.

12. Counsel spent half a day in Richmond on August 10, 2007 in an effort to see the scope and volume of the computer evidence.

13. Counsel spent an entire day in Richmond on September 5, 2007 reviewing the computer evidence. During approximately six solid hours, counsel was only able to get through the graphics images on the 160 GB Master drive and the Compaq.

14. Counsel spent an entire day in Richmond on September 6, 2007 with the assistance of a computer forensics expert and still did not get through all of the graphics images.

15. Each time counsel has been able to review the computer evidence, however, she has located information relevant to the defense case and believes that further review will continue to be productive and fruitful.

16. The defendant does not want to go forward with his case until counsel has had a sufficient amount of time to review and analyze the computer evidence.

17. The Speedy Trial Act, 18 U.S.C. 3161 §§ 3167(h)(8)(A) and (8)(B)(iv), recognizes that it is proper to grant a continuance on the motion of counsel to serve the ends of justice in order to afford counsel the reasonable time necessary for effective preparation.

18. Alternative trial dates are available either the week of January 14, 2008 or January 22-25, 2008 and either week is

available to defense counsel and the government.

WHEREFORE, your defendant prays that the court continue the trial of this case.  The defendant also prays that the Court consider ordering that a copy of the harddrives, excluding any alleged child pornography or contraband material, be provided to defense counsel in order to facilitate speedier review of the evidence.

                                        Respectfully submitted,

                                        KEVIN ALFRED STROM
                                        By Counsel

Counsel:

S/Andrea L. Harris
Andrea L. Harris
Asst. Federal Public Defender
VSB 37764
401 E. Market Street, Suite 106
Charlottesville, VA 22902
Tel (434) 220-3380
Counsel for Kevin Alfred Strom

### CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: counsel of record; and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none.

                                        S/Andrea L. Harris
                                        Andrea L. Harris
                                        Asst. Federal Public Defender
                                        VSB 37764
                                        401 E. Market Street, Suite 106
                                        Charlottesville, VA 22902
                                        Tel (434) 220-3380
                                        Andrea_Harris@fd.org