CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 14 2007

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,*<br><br>v.<br><br>KEVIN ALFRED STROM<br>*Defendant* | CRIMINAL NO. 3:07cr00001<br><br><br>ORDER<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's motion to sever Count One of the Superseding Indictment (docket entry no. 25) and motion to continue his trial (docket entry no. 52) scheduled for October 2-4, 2007. Because of the risk of unfair prejudice to the defendant, I find that Counts One and Seven should be severed from the remaining child pornography counts.

Federal Rule of Criminal Procedure 8(a) provides that a defendant may be charged in separate counts of an indictment with two or more offenses if the offenses charged "are of the same character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The requirements for joinder under Rule 8(a) are not onerous, yet Rule 8(a) "cannot be stretched to cover offenses . . . which are discrete and dissimilar and which do not constitute parts of a common scheme or plan." *United States v. Mackins*, 315 F.3d 399, 412 (4th Cir. 2003) (quoting *United States v. Richardson*, 161 F.3d 728, 733 (D.C. Cir. 1998)). In determining whether charges are of the same or similar character, it is important to consider whether the evidence of one crime would be admissible in the separate trial of the other. *See United States v. Foutz*, 540 F.2d 733, 737–38 (4th Cir. 1976) (finding joinder of two separate bank robbery charges of same bank in eight month period

improper). If the evidence would be admissible, there is little danger of prejudice to the defendant from joinder because the jury would likely hear of the other crime in the separate trial. *Id.* at 737.

In this case, the Government is unable to show that the evidence of Defendant's receipt and possession of child pornography in Counts Two, Three, Four, and Five would be admissible in a separate trial for Count One. The charges do not share common legal elements or evidence. Instead, the evidence to be offered with respect to Counts Two, Three, Four, and Five appears to have no connection to the conduct described in Count One of the Superseding Indictment other than to show the propensity of the defendant to engage in such conduct. As a result, this evidence would be inadmissible in a separate trial for Count One, thereby making the joinder of Count One improper under Rule 8(a).

Moreover, the joinder of Count One is unduly prejudicial under Rule 14. It is indisputable that charges of child molestation can unfairly prejudice a defendant. *See United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993). The inflammatory nature of Count One, the enticement or attempt to entice a ten year old child to engage in sexual activity, compounded with the five counts for receipt and possession of child pornography, dramatically increases the risk that jurors would convict the defendant because of their disdain for his conduct rather than based on the evidence. Thus, a joint trial will clearly have an injurious effect or influence in the jury's verdict, making the severance of Count One proper under Rule 14. Therefore, Defendant's motion to sever Count One is GRANTED.

In addition, Defendant has requested a continuance of his trial to further investigate the alleged child pornography found on his personal computer. By severing Count One and Count Seven, the obstruction of justice charge, from the unrelated child pornography counts, a

continuance is no longer required. Accordingly, the defendant's request to continue his trial with respect to Counts One and Seven is DENIED. Counsel is directed to contact the Clerk's office, however, to schedule a separate trial for the remaining counts because of the severance of the charges.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to both parties.

ENTERED: *[signature]*
United States District Judge

Sept. 14, 2007
Date