```
                         IN THE
              UNITED STATES DISTRICT COURT
                        FOR THE
              WESTERN DISTRICT OF VIRGINIA
                 CHARLOTTESVILLE DIVISION
```

```
UNITED STATES OF AMERICA          :
                                  :
        v.                        :  Criminal No. 3:07:cr00001
                                  :
KEVIN ALFRED STROM                :
```

### UNITED STATES'S REQUEST REGARDING RULE 403 RULING

Defendant in the above-captioned case filed a September 10, 2007, motion requesting that the Court suppress Government's Exhibit 200, which is the "Contract between Kevin Strom and [Witness A.]"  Attached herewith as Attachment A.  Defendant alleges that this contract falls under the communications privilege that exists between married couples who are cohabiting.  For the reasons argued at the Court's September 27, 2007, hearing and the cases that have been provided to the Court, the government urges the Court to deny this request.  Defendant also argued at that hearing that Exhibit 200 should be suppressed on Federal Rule of Evidence 403 grounds urging the Court to find that the unfair prejudice substantially outweighs the probative value.  If the Court is considering this recent argument about Rule 403 suppression,

the government requests an opportunity to fully brief this issue.  A quick summary of the government's position on this matter follows.

This contract was executed by defendant after he had moved away from Witness A and was living with his mother.  It was executed during the indicted period of Count One after he had significant contact with the child victim from Count One.  The evidence will demonstrate that the reasons for its execution were in large part two fold. First, it was executed because of defendant's conduct toward, and contact with, the child victim from Count One.  The second reason was because of Witness A finding defendant at his computer as described in prior submissions.  There will be testimony about this, but, in addition, these motivations are explicit in the legal agreement itself.  It states that defendant will continue counseling sessions until " . . . I[, defendant,] am free from being sexually drawn to children, or drawn to sexually explicit material of any kind concerning children, or any other characteristics of being a pedophile."  This contract relates directly to the intent issues about which the Court was asking at the hearing.  When defendant was sending roses and other gifts to the victim, or driving past her house, or

calling her, or posing her for photographs, or hiding at her school, the jury will have to determine his intent behind these acts. The Court has previously severed the images set forth in Counts Two through Six, which the government argued went to this intent, and given this ruling, other evidence of defendant's intent such as this contract or the songs that defendant composed on his computer become even more probative.

Evidence such as Exhibit 200 strikes the government as analogous to owe sheets or ledgers in drug cases or bank statements in fraud cases. In fact, Exhibit 200 is even more closely related because it was executed in part because of defendant's conduct toward the child in question and admits to defendant's sexual interest in children, as noted above. It would be hard to identify a more probative piece of evidence to prove intent to entice or coerce a child to engage in sexual activity. As to the unfair prejudice, there is none. He clearly signed the contract, and it addresses exactly the conduct charged in Count One. If defendant were charged with bank robbery, such a contract admitting pedophilia may have a level of unfair prejudice and such unfair prejudice may substantially outweigh the probative value, but such a case is a far cry from the Court's situation herein. Defendant is

charged with, in essence, what he addresses in this legal document.

As noted above, if the Court is inclined to consider this recent request to suppress Exhibit 200 on Rule 403 grounds, the government requests an opportunity to fully brief and argue this matter.

                                        Respectfully submitted,

                                        John L. Brownlee
                                        United States Attorney

                                        S/Bill Gould

                                        William F. Gould
                                        Assistant United States Attorney

Dated: September 27, 2007

C E R T I F I C A T E

I certify that a true and correct copy of this government submission has been filed through the Court's electronic filing system, which will send a copy to counsel for defendant, Ms. Andrea L. Harris, Esquire, of the Office of the Federal Public Defender, on this 27th day of September, 2007.

_____
William F. Gould
Assistant United States Attorney