UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 3:07CR00001

KEVIN ALFRED STROM

**THIRD MOTION *IN LIMINE*:**
**EXCLUSION OF PRE-OFFICIAL PROCEEDING CONDUCT**

    Comes now, the defendant, Kevin Alfred Strom, through counsel and respectfully moves this Honorable Court to rule *in limine* as to the admissibility of certain evidence that is anticipated to be offered by the government at trial, representing the truth of the following:

    1.  Count Seven of the Second Superseding Indictment charges that Strom violated 18 U.S.C. § 1512(c)(2) by attempting to corruptly obstruct, influence, or impede an official proceeding. Although the indictment does not identify what official proceeding was involved, the indictment does allege that Strom engaged in unlawful conduct between October 17, 2005 and January 4, 2007 that was directed at Witness A.  The indictment also alleges that the purpose of Strom's conduct was to prevent Witness A from reporting Strom's activities in relation to Count One (enticement) and Counts Two through Six (child pornography).

    2.  To obtain a conviction under this statute, the government must prove beyond a reasonable doubt the following elements:

    (a)  that Strom intended to commit the offense and that he took a substantial step towards the commission of the offense;

    (b)  that he acted corruptly, that is, knowingly and dishonestly; *see Arthur Anderson v. LLP v. United States,* 544 U.S. 696, 706-707 (2005);

    (c)  that at the time of Strom's conduct, there was an identifiable "official proceeding" before a federal government agency which is authorized by law; *see,* 18 U.S.C. § 1515(a)(1)(c) for definition;

    (d)  and that Strom knew his conduct would likely affect the official proceeding; *see, Arthur Anderson,* supra.

3. From discovery provided by the government and from the defense investigation, it does not appear that Witness A, or anyone else for that matter, had any contact with law enforcement regarding Strom's activities prior to July 19, 2006, when an anonymous complaint was made to the Greene County Sheriff's Department alleging Strom was involved in inappropriate activities with young girls. This, of course, was, if anything, a state matter and does not meet the definition of an official proceeding of a federal government agency.

4. On August 4, 2006, Witness A turned over the computer to the Greene County Sheriff's Department, which in turn had it searched by a member of the Albemarle County Police Department.

No child pornography was found on the computer.

    5. The earliest conceivable date at which it could be considered that an official proceeding of a Federal Government Agency came into existence would be August 26, 2006, when Brian O'Donnell got an mirror image copy of the computer from the Greene County Sheriff's Department. O'Donnell is a Charlottesville Police Detective who is a member of a joint federal-state terrorism task force.

    6. From discovery provided by the government and the defense's investigation, it appears that there are a number of incidents alleged to have occurred between Strom and Witness A prior to August 26, 2006, which the government intends to use as evidence, including:

    (a) October 17, 2005 argument during which Witness A hits Strom on the head with a telephone, requiring him to go to the hospital and have eight stitches;

    (b) that, according to Witness A, the defendant pushed Witness A into corners and held her arms down by her sides on several occasions prior to August 26, 2006; and

    (c) that, according to Witness A, the defendant verbally repeated things over and over to Witness A and told her she was delusional prior to August 26, 2006.

    7. As the Supreme Court discussed at length in *Arthur Anderson,* there must be a nexus between a person's conduct and

wrongful motive, otherwise innocent conduct might become criminal because of its effect, regardless of intent.  If there was no official federal proceeding at the time of Strom's conduct, he could not be aware that his conduct would likely affect an official federal proceeding that did not exist.

    WHEREFORE, for the foregoing reasons, as well as for any other reasons that may appear to the Court, your defendant respectfully moves the court to rule *in limine* that any evidence of conduct purported to prove an attempt by Strom to impede an official federal proceeding be excluded if the conduct occurred prior to the existence of an official federal proceeding.

    Respectfully submitted,

    KEVIN ALFRED STROM
    By Counsel

Counsel:

S/Andrea L. Harris
Andrea L. Harris
Asst. Federal Public Defender
401 East Market Street, Suite 106
Charlottesville, VA 22902
(434) 220-3387
VSB 37764
Andrea_Harris@fd.org

### CERTIFICATE OF SERVICE

    I hereby certify that on September 28, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: counsel of record; and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none.

    S/Andrea L. Harris
    Andrea L. Harris
    Asst. Federal Public Defender

```
VSB 37764
401 E. Market Street, Ste. 106
Charlottesville, VA 22902
Tel (434) 220-3387
Andrea_Harris@fd.org
```