UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 3:07CR00001

KEVIN ALFRED STROM

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

        Comes now the defendant, Kevin Alfred Strom, proposes that
the court use the attached instructions to instruct the jury as
to the substantive law on Count One and Count seven of the
Indictment.

                        Respectfully submitted,
                        KEVIN ALFRED STROM
                        By Counsel

Counsel:
S/Andrea S. Harris
Andrea S. Harris
Asst. Federal Public Defender
401 E. Market St., Ste. 106
Charlottesville, VA 22902
Tel. (434) 220-3382
Fax (434) 220-3390
Counsel for Defendant

### CERTIFICATE OF SERVICE

    I hereby certify that on September 30, 2007, I
electronically filed the foregoing with the Clerk of the Court
using the CM/ECF system which will send notification of such
filing to the following:  counsel of record.

                        S/Andrea S. Harris
                        Andrea S. Harris
                        Asst. Federal Public Defender
                        401 East Market St., Ste 106
                        Charlottesville, VA 22902
                        VSB 21898
                        (434) 220-3386
                        Andrea_Harris@fd.org

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

### COUNT ONE

Based on 11th Circuit pattern instructions, Instruction # 80, p. 490

**Coercion and Enticement of a Minor to Engage in Sexual Activity,**

In Count One of the indictment, the defendant is charged with violation of Title 18, United States Code, Section 2422(b).

Title 18, United States Code, Section 2422(b), makes it a federal crime for anyone, using the mail, to knowingly attempt to entice or induce anyone under eighteen (18) years of age to engage in any sexual activity for which any person could be charged with a criminal offense under state law.

The Defendant can be found guilty of that offense only if

all of the following facts are proved beyond a reasonable doubt:

First: That the Defendant used the mail to knowingly attempt to induce or entice an individual under the age of eighteen (18) to engage in unlawful sexual activity, as charged;

Second: That the Defendant believed that such individual was less than eighteen (18) years of age;

Third: That if the sexual activity had occurred, the Defendant could have been charged with at least one of the criminal offenses under the laws of Virginia that are alleged in Count One of the indictment; and

Fourth: That the Defendant acted knowingly and willfully.

It is not necessary for the Government to prove that the individual was in fact less than 18 years of age; but it is necessary for the Government to prove that the Defendant believed such individual to be under that age.

Also, it is not necessary for the Government to prove that the individual was actually persuaded or induced or enticed to engage in unlawful sexual activity; but it is necessary for the

Government to prove that the Defendant intended to engage in some form of unlawful sexual activity with the individual and he knowingly and willfully took some action that was a substantial step toward bringing about or engaging in that sexual activity.

So, the Government must prove that if the intended sexual activity had occurred, the Defendant could have been charged with a criminal offense under the laws of Virginia.  You must unanimously agree as to which offense could have been charged.

In that regard I instruct you as a matter of law that the following acts, which are alleged in the indictment, are crimes under Virginia law:

• Aggravated Sexual Battery, Va. Code § 18.2-67.3:

A. An accused shall be guilty of aggravated sexual battery if he or she sexually abuses the complaining witness, and

> 1. The complaining witness is less than 13 years of age, or

> 2. The act is accomplished through the use of the complaining witness's mental incapacity or physical helplessness, or

> 3. The offense is committed by a parent, step-parent, grandparent, or step-grandparent and the complaining witness is at least 13 but less than 18 years of age, or

> 4. The act is accomplished against the will of the complaining witness by force, threat or intimidation, and

> > a. The complaining witness is at least 13 but less than 15 years of age, or

> > b. The accused causes serious bodily or mental injury to the complaining witness, or

> > c. The accused uses or threatens to use a dangerous weapon.

Definition of "sexual abuse": Va. Code § 18.2-67.10:

6. "Sexual abuse" means an act committed with the intent to sexually molest, arouse, or gratify any person, where:

> a. The accused intentionally touches the complaining witness's intimate parts or material directly covering such intimate parts;

b. The accused forces the complaining witness to touch the accused's, the witness's own, or another person's intimate parts or material directly covering such intimate parts;

c. If the complaining witness is under the age of 13, the accused causes or assists the complaining witness to touch the accused's, the witness's own, or another person's intimate parts or material directly covering such intimate parts; or

d. The accused forces another person to touch the complaining witness's intimate parts or material directly covering such intimate parts.

- Taking indecent liberties with children, Virginia Code § 18.2-370.A(1):

A. Any person 18 years of age or over, who, with lascivious intent, knowingly and intentionally commits any of the following acts with any child under the age of 15 years:

(1) Expose his or her sexual or genital parts to any child to whom such person is not legally married or propose that any such child expose his or her sexual or genital parts to such person.

- Production of child pornography, Va. Code § 18.2-374.1(B)(1):

A. For purposes of this article of this chapter, "child pornography" means sexually explicit visual material which utilizes or has as a subject an identifiable minor. An identifiable minor is a person who was a minor at the time the visual depiction was created, adapted, or modified; or whose image as a minor was used in creating, adapting or modifying the visual depiction; and who is recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable feature; and shall not be construed to require proof of the actual identity of the identifiable minor.

For the purposes of this article of this chapter, the term "sexually explicit visual material" means a picture, photograph, drawing, sculpture, motion picture film, digital image, including such material stored in a computer's temporary Internet cache when three or more images or streaming videos are present, or similar visual representation which depicts sexual bestiality, a lewd exhibition of nudity, as nudity is defined in § 18.2-390, or sexual excitement, sexual conduct or sadomasochistic abuse, as also defined in § 18.2-390, or a book, magazine or pamphlet which contains such a visual representation. An undeveloped photograph

or similar visual material may be sexually explicit material notwithstanding that processing or other acts may be required to make its sexually explicit content apparent.

[§ 18.2-390 definitions:

(2) "Nudity" means a state of undress so as to expose the human male or female genitals, pubic area or buttocks with less than a full opaque covering, or the showing of the female breast with less than a fully opaque covering of any portion thereof below the top of the nipple, or the depiction of covered or uncovered male genitals in a discernibly turgid state.

(3) "Sexual conduct" means actual or explicitly simulated acts of masturbation, homosexuality, sexual intercourse, or physical contact in an act of apparent sexual stimulation or gratification with a person's clothed or unclothed genitals, pubic area, buttocks or, if such be female, breast.

(4) "Sexual excitement" means the condition of human male or female genitals when in a state of sexual stimulation or arousal.

(5) "Sadomasochistic abuse" means actual or explicitly simulated flagellation or torture by or upon a person who is nude or clad in undergarments, a mask or bizarre costume, or the condition of being fettered, bound or otherwise physically restrained on the part of one so clothed.]

B. A person shall be guilty of production of child pornography who:

1. Accosts, entices or solicits a person less than 18 years of age with intent to induce or force such person to perform in or be a subject of child pornography.

**Attempt**: 11th Circuit Pattern Jury Instruction #11, p. 57

In some cases it is a crime for anyone to attempt the commission of an offense even though the attempt fails and the intended offense is not actually carried out or fully committed. So, in this instance the Defendant is charged with attempting to commit the offense of using the mail to entice or induce a person under the age of 18 to engage in unlawful sexual activity as charged in Count One of the Indictment.

The Defendant can be found guilty of an attempt to commit that offense only if both of the following facts are proved beyond a reasonable doubt:

First: That the Defendant knowingly and willfully intended to commit the offense as charged; and

Second: That the Defendant engaged in conduct which constituted a substantial step toward the commission of the crime and which strongly corroborates the Defendant's criminal intent.

A "substantial step" means some important action leading to the commission of a crime as distinguished from some inconsequential or unimportant act. It must be something beyond mere preparation; it must be an act which, unless frustrated by some condition or event, would have resulted, in the ordinary and likely course of things, in the commission of the crime being attempted.

Knowingly and Wilfully: 11th Circuit Pattern Instruction # 9.1

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

**COUNT SEVEN**

**Witness Tampering,** 18 USC 1512(c)(2)
10th Circuit Pattern Jury Instructions 2.65

The defendant is charged in Count Seven with a violation of 18 U.S.C. § 1512(c)(2).

This statute makes it a violation of law to attempt to corruptly obstruct, influence, or impede any official proceeding.

To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First, that the defendant knowingly and dishonestly attempted to obstruct, influence, or impede an official proceeding;

Second, that the defendant intended to obstruct, influence, or impede and official proceeding and took a substantial step toward the commission of the offense;

Third, that there was an "official proceeding" before a Federal Government agency which is authorized by law; [18 USC 1515(a)(1)(C) identify official proceeding]; and

Fourth, that the defendant knew that his conduct would be likely to affect [the official proceeding].

[See, *Arthur Andersen LLP v. U.S.*, 544 US 696, 706-707 (2005), defining "corruptly" for us in witness tampering instruction.]


Definition of "official proceeding":
18 U.S.C. 1515

(a) As used in sections 1512 and 1513 of this title and in this section—

(1) the term "official proceeding" means—

(A) a proceeding before a judge or court of the United States, a United States magistrate judge, a bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury;

(B) a proceeding before the Congress;

(C) a proceeding before a Federal Government agency which is authorized by law; or

(D) a proceeding involving the business of insurance whose activities affect interstate commerce before any insurance regulatory official or agency or any agent or examiner appointed by such official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce;