IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

OCT 01 2007

JOHN F CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,  *Plaintiff,*  v.  KEVIN ALFRED STROM  *Defendant* | CRIMINAL NO. 3:07cr00001  ORDER  JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Motion in Limine to exclude the contract between the defendant and Witness A as a privileged confidential communication. The confidential communication privilege protects information "disclosed between husband and wife in the confidence of the marital relationship." *United States v. Hall*, 989 F.2d 711, 716 n.8 (4th Cir. 1993). As a result, a valid marital relationship must exist at the time of the communication for the privilege to apply. *See, e.g.*, *United States v. Singleton*, 260 F.3d 1295 (11th Cir. 2001) (holding that the confidential communications privilege is not available when the parties are permanently separated).

In this case, however, the record is unclear as to Defendant's separation from his wife at the time of this communication. Although the Court is reluctant to inquire as to the viability of Defendant's marriage, further evidence is needed to determine the parties' intent at the time of their separation and their intent, if any, to reconcile. This uncertainty is due in large part to Witness A's role in Defendant's therapy with Dr. Yoder.

Accordingly, the Court will HOLD this motion in abeyance until proper foundation has been laid for the admission of the contract. Should the Government attempt to offer this contract

at trial, the Court will determine at that time whether the defendant and Witness A were "permanently" separated at the time of the communication.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to both parties.

ENTERED: _____
United States District Judge

10/1/07
Date