AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

__Western__ DISTRICT OF __Virginia__

USA

V.

Kevin Strom

## EXHIBIT AND WITNESS LIST

Case Number: 3:07CR00001-001

| PRESIDING JUDGE<br>Norman K. Moon | PLAINTIFF'S ATTORNEY<br>William Gould | DEFENDANT'S ATTORNEY<br>Andrea Harris |
|---|---|---|
| TRIAL DATE(S)<br>1/14/08 | COURT REPORTER<br>Sonia Ferris | COURTROOM DEPUTY<br>Heidi N. Wheeler |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| 1 | | 1/14/2008 | X | X | Elements and Facts |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of __1__ Pages

Elements of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

The government must prove beyond a reasonable doubt that the defendant did:

knowingly possess, or attempt to possess, material containing multiple images of child pornography as defined in Title 18, United States Code, Section 2256(8)(A);

that the images are "identifiable minors" as defined by Title 18, United States Code, Section 2256(9);

that the images had been mailed, or shipped, or transported, in interstate or foreign commerce by any means, including by computer, or that was produced using materials that had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer; and

that the conduct occurred in the Western Judicial District of Virginia.

Facts:

Had this case proceeded to trial the government would have proved with competent and admissible evidence beyond a reasonable doubt that the defendant, Kevin Alfred Strom, committed acts that constitute a violation of Count Six of the Second Superseding Indictment that has been returned in this case. Specifically, in addition to the evidence that the Court heard during defendant's October 2d and 3d, 2007, jury trial, some of the government's evidence would have been that on or about August 4, 2006, law enforcement recovered defendant's computer and subsequently searched defendant's computer for images of child pornography as defined by Title 18, United States Code, Section 2256. The images that were found on defendant's computer included those set forth in Count Six of the Second Superseding Indictment in this matter. Some of these images do meet the definition of "sexually explicit conduct" set forth in Title 18, United States Code, Section 2256(2)(A)(v) and do depict children that fall within the definition of child pornography set forth in 2256(8) and 2256(9).

On October 26, 2006, because of the conduct described in detail during defendant's October 2007 trial, defendant was approached by a case worker with Greene County Social Services. During this interview, defendant "acknowledged looking at nude pictures of teenaged girls on the internet and 'pleasuring himself.'" Defendant admitted to the case worker that what he did was wrong. In the words of the interview report, "[h]e said he did masturbate to the pictures[, of the teenaged girls,] but that he was only

1



fantasizing." In a prior statement on October 23, 2006, to law enforcement, defendant, among other things, admitted that he downloaded the images of child pornography from the internet.

The government would have proved the interstate element required by 2252A(a)(5)(B) and that the conduct occurred in the Western Judicial District of Virginia. Lastly, the government would have proved beyond a reasonable doubt that there was no applicable defense to this charge.

GOVERNMENT EXHIBIT 1